UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HEMMER CONSTRUCTION, INC.,

Plaintiff,

v. Case No.: 2:25-cv-1061-SPC-NPM

STEVEN CAMBRIA, et al.,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Defendants Scott Hildreth and Whitney Tinsley's Amended Motion to Dismiss (Doc. 64) and Plaintiff Hemmer Construction, Inc.'s response (Doc. 68). Because Plaintiff's amended complaint is a shotgun pleading, the Court grants the motion in part and dismisses the amended complaint without prejudice.[1]

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sheriff's Office*, 792

[1] The motion to dismiss argues in part that the amended complaint is a shotgun pleading. (Doc. 64 at 2–5). Because the Court agrees, it does not address the additional arguments raised in the motion to dismiss.

F.3d 1313, 1321–23 (11th Cir. 2015) (defining the four types of shotgun pleadings). "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).

In this RICO action, Plaintiff brings 41 claims against nine defendants in its 87-page amended complaint. (Doc. 32). The amended complaint begins with 166 general allegations, then incorporates all of those into virtually every count.[2] (*See generally id.*). This is true regardless of which defendant(s) the claim is against and whether the facts pertain to the applicable defendant(s) or claim. (*See generally id.*).

This pleading tactic constitutes a quintessential shotgun pleading. *See Johnson Enters. of Jacksonville v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (stating that impermissible shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief" and then "[t]he general allegations are incorporated by reference into each count of the complaint."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding the complaint was an

[2] The few counts, which are pled in the alternative, that do not incorporate all 166 allegations leave out only a handful of those allegations. (*See*, *e.g.*, Doc. 32 ¶ 408). Thus, these counts suffer from the same defect as the rest.

"all-too-typical shotgun pleading" because "[e]ach count has two numbered paragraphs, the first of which incorporates by reference all forty-three paragraphs of factual allegations"); *Tennison v. City of Decatur, Alabama*, No. 5:25-CV-1466-HDM, 2026 WL 539472, at *4 (N.D. Ala. Feb. 26, 2026) ("This undifferentiated mass incorporation of factual paragraphs into each claim renders the complaint a shotgun pleading.").

The amended complaint also attaches, in scattershot form, 147 pages of documents. (Doc. 32 at 88–117; Doc. 32-1). This is also inconsistent with the requirements of Rule 8(a)(2). *See Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) ("[T]o force the parties and the court to sift through an additional 100 pages of letters, reports, and contracts would frustrate the purpose of Rule 8(a)(2).").[3]

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Even so, in non-merits dismissals on shotgun pleading grounds, the Eleventh Circuit requires district courts to allow a litigant one chance to remedy such deficiencies. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). This is Plaintiff's chance. Because the Court grants

[3] Moreover, the attachments as filed do not comply with the requirements set forth in the Civil Action Order. (*See* Doc. 6 at 7–8).

leave to amend herein, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 73) is moot.

Accordingly, it is now

**ORDERED:**

1. Defendants Scott Hildreth and Whitney Tinsley's Amended Motion to Dismiss (Doc. 64) is **GRANTED in part** to the extent stated herein.
2. Plaintiff's amended complaint (Doc. 32) is **DISMISSED without prejudice**.
3. On or before **September 28, 2026**, Plaintiff must file an amended complaint that corrects the deficiencies outlined above. **Failure to comply may result in the Court dismissing and closing this case without further notice.**
4. Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 73) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record